**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**PERDUE FARMS INCORPORATED,**

Plaintiff-Appellant,

v. Nos. 26-1374, 26-1375

**KEITH SONDERLING**, in his official capacity as Acting Secretary of the U.S. Department of Labor; **PAMELA KULTGEN**, in her official capacity as an Administrative Law Judge of the U.S. Department of Labor; **U.S. DEPARTMENT OF LABOR**; **THE OFFICE OF ADMINISTRATIVE LAW JUDGES OF THE U.S. DEPARTMENT OF LABOR**,

Federal Defendants-Appellees,

and

**CRAIG WATTS; RUDY HOWELL,**

Individual Defendants-Appellees.

---

# INDIVIDUAL DEFENDANTS-APPELLEES' RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO HOLD APPEAL IN ABEYANCE

## I. INTRODUCTION

Individual Defendants-Appellees Craig Watts and Rudy Howell oppose the Federal Defendants' motion to hold these consolidated appeals in abeyance pending the Supreme Court's decision in *Department of Labor v. Sun Valley*

*Orchards, LLC*, No. 25-966. Mot. 1-3, ECF 39. The motion rests on a single premise: that *Sun Valley* presents the Seventh Amendment question that Perdue raises here. It does not. The Supreme Court limited its grant of certiorari to two questions about the H-2A visa program: whether Article III bars the Department of Labor from adjudicating proceedings to collect monetary remedies for violations of H-2A employment terms, and whether 8 U.S.C. § 1188(g)(2) authorizes those proceedings. *Dep't of Labor v. Sun Valley Orchards, LLC*, No. 25-966 (U.S. Apr. 27, 2026) (granting certiorari limited to those questions). The Third Circuit decided the case under Article III alone and did not consider the Seventh Amendment, because Sun Valley never pleaded a Seventh Amendment claim. *Sun Valley Orchards, LLC v. U.S. Dep't of Labor*, 148 F.4th 121, 128 n.3 (3d Cir. 2025).

Most of what is before this Court is not before the Supreme Court at all. These appeals also present ripeness, Article II removal, and due process questions, and even the jury-trial question here turns on the nature of the make-whole remedies that the Food Safety Modernization Act provides to whistleblowers. The Federal Defendants themselves told the district court that the Third Circuit's *Sun Valley* decision is neither controlling nor persuasive in this case. Perdue, the party that brought these constitutional challenges, has told the Federal Defendants that abeyance is not necessary. Mot. ¶ 4, ECF 39. Mr. Watts filed his whistleblower

complaint in February 2015. The Court should deny the motion and keep these appeals on its January 26-29, 2027 argument calendar.

## II. ARGUMENT

### A. ***Sun Valley* Will Not Decide the Questions Presented in These Appeals.**

*Sun Valley* is not a whistleblower case and does not arise under the Food Safety Modernization Act. It is the Department of Labor's own enforcement action against a New Jersey farm under the H-2A nonimmigrant visa program, in which the agency assessed civil penalties and back wages, payable to the Department, for breaches of the farm's job order. *Sun Valley*, 148 F.4th at 126. These appeals, by contrast, arise from retaliation complaints that Mr. Watts and Mr. Howell filed on their own behalf under the whistleblower provision of the Food Safety Modernization Act, which directs the Secretary to order abatement of the violation, reinstatement with back pay, and compensation for the complainant's losses. 21 U.S.C. § 399d(b)(3)(B).

The two questions on which the Supreme Court granted review are confined to the H-2A program. *Sun Valley*, No. 25-966. Neither question asks whether the Seventh Amendment applies to a Department of Labor adjudication, and the Third Circuit expressly declined to reach that issue. *Sun Valley*, 148 F.4th at 128 n.3. Neither question addresses removal protections for administrative law judges or due process. The Federal Defendants' description of *Sun Valley* as a case about the

Seventh Amendment right to a jury trial, Mot. 2-3, ECF 39, does not match the questions the Supreme Court agreed to decide. Nor does it match the Department of Labor's own petition, which asked only whether Article III permits the Secretary of Labor, rather than a court, to adjudicate in the first instance monetary remedies against employers that violate the conditions of the H-2A visa program. Pet. for Writ of Cert. at i, *Dep't of Labor v. Sun Valley Orchards, LLC*, No. 25-966 (U.S. Feb. 12, 2026).

The Third Circuit explained exactly why it did not reach the Seventh Amendment. On appeal, Sun Valley argued that the Department's in-house adjudication violated Article III and, by extension, the Seventh Amendment. *Sun Valley*, 148 F.4th at 128 n.3. The court noted that the Supreme Court has linked the two provisions, but it held Sun Valley to the claim its complaint pleaded. Because that complaint alleged no Seventh Amendment violation, the court decided only the Article III challenge. *Id.* The Seventh Amendment question was therefore never pleaded or decided below, and it is not part of the judgment the Supreme Court will review. These appeals are different. Perdue raised the Seventh Amendment in the district court, the district court held that the whistleblowers' claims do not implicate it, and that question is the first issue presented here. Resp. Br. 11, 20-21, ECF 31.

The issues in these appeals reach well beyond those questions. Perdue's appeal presents, in addition to its jury-trial claim, an Article II claim based on the removal protections of the presiding administrative law judge and a claim that the administrative proceedings deny due process. Perdue Reply Br. i, ECF 35. The individual defendants have answered with arguments that do not depend on the H-2A program: that the make-whole remedies the Food Safety Modernization Act provides are equitable in nature, Resp. Br. of Defs.-Appellees Craig Watts & Rudy Howell 31, ECF 31; that Perdue's challenge is unripe because there is no final agency decision and no election of the Article III forum, *id.* at 46; that Perdue has shown no harm traceable to the removal protections, *id.* at 47; and that the administrative proceedings satisfy due process, *id.* at 51. The district court held that the remedies Mr. Watts and Mr. Howell seek are equitable, a holding the individual defendants defend on appeal. Perdue Reply Br. 1, ECF 35. Whatever the Supreme Court decides about H-2A monetary penalties, it will not decide whether Perdue's challenge is ripe, whether Perdue has shown harm traceable to the removal protections, whether the proceedings satisfy due process, or whether reinstatement, back pay, and related make-whole relief under the Food Safety Modernization Act are equitable remedies. Each of those questions would remain for this Court after *Sun Valley* is decided.

## B. **The Federal Defendants Told the District Court That *Sun Valley* Does Not Apply Here.**

When Perdue brought the Third Circuit's *Sun Valley* decision to the district court's attention, the Federal Defendants responded that it was neither controlling nor persuasive on any point for which Perdue cited it. Gov't Defs.' Resp. to Pl.'s Notice of Suppl. Auth. at 1, *Perdue Farms Inc. v. Chavez-DeRemer*, No. 5:24-cv-00477 (E.D.N.C. Sept. 22, 2025), ECF 68. They explained that *Sun Valley* turned on a claim that sounded in common-law contract and on civil penalties designed to punish, while the whistleblower protections of the Food Safety Modernization Act have no common-law analogue, assist the government in enforcing the law, and are a matter of public rights. *Id.* at 1-2. They added that any analogy between the make-whole relief available to whistleblowers and a civil penalty is misplaced. *Id.* at 2. They also argued that Perdue's removal claim fails for lack of compensable harm, a question that *Sun Valley* does not touch. *Id.*.

The motion does not mention that filing or explain why a decision the Federal Defendants called inapposite has now become a reason to suspend these appeals. The distinction the Federal Defendants drew in the district court between H-2A civil penalties and Food Safety Modernization Act make-whole relief answers their request for abeyance. Perdue, for its part, has told the Federal Defendants that abeyance is unnecessary, because *Sun Valley* involves the H-2A program and public-rights arguments concerning immigration and government

privileges. Mot. ¶ 4, ECF 39. No party with a stake in the outcome of the jury-trial question asks the Court to wait.

### C. The *Comcast* Order Does Not Control These Appeals.

The motion relies on this Court's order removing *Comcast Corp. v. U.S. Department of Labor*, No. 25-2226, from the October 2026 argument calendar and placing it in abeyance pending *Sun Valley*. Order, *Comcast Corp. v. U.S. Dep't of Labor*, No. 25-2226 (4th Cir. Oct. 13, 2026), ECF 59. That order states no reasons and does not purport to govern any other appeal. *Id.*. *Comcast* arises under a different statute, the anti-retaliation provision of the Sarbanes-Oxley Act, and the Federal Defendants declined on appeal there to defend the district court's holding that the remedies at issue were equitable. Perdue Reply Br. 9, ECF 35. Whatever led the Court to hold *Comcast* in abeyance, these appeals present a different record and different questions, including the individual defendants' defense of the district court's holding that the remedies here are equitable, and the ripeness, removal, and due process issues discussed above.

### D. Abeyance Would Prejudice the Whistleblowers and Serve No Purpose.

A party seeking a stay must justify it by clear and convincing circumstances that outweigh the potential harm to the party against whom it would operate. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Where there is a fair

possibility that a stay will damage someone else, the party requesting it must show a clear case of hardship or inequity in being required to go forward. *Landis*, 299 U.S. at 255. The Federal Defendants identify no hardship at all. They ask only that these appeals be treated like *Comcast*.

The cost of delay would fall on the whistleblowers. Mr. Watts filed his whistleblower complaint with the Department of Labor on February 19, 2015. *Watts v. Perdue Farms, Inc.*, ARB No. 2017-0017, slip op. at 2 (ARB Mar. 5, 2019). His claim has now been pending for more than eleven years. A stay that would hold a claimant's case for a long and uncertain period can work a manifest injustice on the claimant. *Williford*, 715 F.2d at 127-28. The Supreme Court will not hear argument in *Sun Valley* until November 10, 2026, *Sun Valley*, No. 25-966, and its decision may come months later. When it comes, it may rest on the statutory question and never reach Article III, or it may resolve the case on grounds specific to the H-2A program. Abeyance would trade a scheduled January 2027 argument for open-ended delay in exchange for a decision that is unlikely to resolve these appeals.

Keeping the January argument costs no party anything. If the Supreme Court decides *Sun Valley* before this Court rules, any party may bring the decision to the Court's attention by letter under Fed. R. App. P. 28(j), and the Court can then consider whether supplemental briefing would help. That ordinary procedure fully

protects the Federal Defendants' interest in having this Court consider any pertinent Supreme Court decision, without postponing argument on the many questions *Sun Valley* will not decide.

## III. CONCLUSION

The Court should deny the Federal Defendants' motion to hold these appeals in abeyance and keep the appeals on the January 26-29, 2027 argument session for which they are tentatively calendared. Mot. 2, ECF 39.

Respectfully submitted,

/s/ Thad M. Guyer

Thad M. Guyer
T.M. Guyer & Friends, PC
116 Mistletoe Street
Medford, OR 97501
Phone (202) 227-3590
thad@lawfriends.ai
Oregon Bar No. 821443

Stephani L. Ayers
T.M. Guyer & Friends, PC
116 Mistletoe Street
Medford, OR 97501

Counsel for Individual Defendants-Appellees Craig Watts and Rudy Howell

October 2026

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,788 words. This response complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word-compatible software in 14-point Times New Roman.

/s/ Thad M. Guyer

______________________________
Thad M. Guyer

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2026, I electronically filed this response with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system, and that service will be accomplished on all counsel of record through that system.

/s/ Thad M. Guyer

______________________________
Thad M. Guyer